1  FRANKLIN C. ADAMS, Bar No. 85351
   franklin.adams@bbklaw.com
2  CAROLINE R. DJANG, Bar No. 216313
   Caroline.Djang@bbklaw.com
3  BEST BEST & KRIEGER LLP
   3390 University Avenue, 5th Floor
4  P.O. Box 1028
   Riverside, CA 92502
5  Telephone: (951) 686-1450
   Facsimile: (951) 686-3083
6
7  Attorneys for Chapter 7 Trustee,
   Robert S. Whitmore

8

9              UNITED STATES BANKRUPTCY COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                  RIVERSIDE DIVISION

12

13 | In re:                          | Case No. 6:17-bk-17601-SC

14 | DEBORAH MCKAY,                   | Chapter: 7

15 |            Debtor,              | Adv. No.

16 | ───────────────────────────     |

17 | ROBERT S. WHITMORE, Chapter 7    | **COMPLAINT FOR:**
   | Trustee,                        |
18 |            Plaintiff,           | **(1)** DETERMINATION THAT PROPERTY IS
   |                                 | PROPERTY OF THE BANKRUPTCY
19 |        v.                       | ESTATE;
   |                                 | **(2)** AVOIDANCE OF AVOIDABLE
20 | ALEXANDER H. MCKAY V,           | TRANSACTION PURSUANT TO 11 U.S.C. §
   | individually, and ALEXANDER H.  | 544(b) AND THE CALIFORNIA UNIFORM
21 | MCKAY V AS TRUSTEE OF THE        | AVOIDABLE TRANSACTIONS ACT OF
   | ALEXANDER MCKAY V LIVING         | CALIFORNIA CIVIL CODE §§ 3439.04,
22 | TRUST,                          | 3439.07,
   |                                 | **(3)** AVOIDANCE OF AVOIDABLE
23 |            Defendants.          | TRANSACTION PURSUANT TO 11 U.S.C.
   |                                 | §544(b) AND THE STATE UNIFORM
24 |                                 | AVOIDABLE TRANSACTIONS ACT OF
   |                                 | CALIFORNIA CIVIL CODE §§ 3439.05,
25 |                                 | 3439.07, AND
   |                                 | **(4)** TO RECOVER AVOIDED
26 |                                 | TRANSACTIONS AGAINST DEFENDANTS
   |                                 | AND EACH OF THEM FOR THE BENEFIT
27 |                                 | OF THE ESTATE UNDER 11 U.S.C. §§550
   |                                 | and 551

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

1   Robert S. Whitmore, in his capacity as Chapter 7 Trustee ("Trustee" or "Plaintiff")

2   of the Bankruptcy Estate ("Estate") of Deborah McKay ("Debtor") files this Complaint

3   against Alexander H. McKay V (the "Defendant") and Alexander H. McKay V in this

4   capacity as  Trustee of the Alexander McKay V Living Trust (the "Trust Defendant"):

5   Both the Defendant and the Trust Defendant may be collectively referred to as the

6   "Defendants".

7                                      **I.**

8                      **JURISDICTION, VENUE AND PARTIES**

9       1.      This Court has jurisdiction over this adversary proceeding pursuant to 28

10  U.S.C. §§ 157(a) and 1334 and pursuant to General Order No. 66 dated October 9, 1984

11  referring all Title 11 cases and proceedings in this district to the bankruptcy judges for the

12  Central District of California.

13      2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as

14  this adversary proceeding arises under Title 11 or arises under or relates to a case under

15  Title 11 which is pending in this District.

16      3.      The Trustee is informed and believes that Defendants reside in the County

17  of Los Angeles, State of California.

18      4.      Plaintiff was appointed as the duly acting and qualified trustee and is as of

19  the date of the filing of the Complaint the duly acting and qualified Chapter 7 Trustee.

20                                     **II.**

21                         **STATEMENT OF FACTS**

22      5.      The Debtor filed a petition for relief under Chapter 7 of the United States

23  Bankruptcy Code on September 11, 2017 ("Petition Date"), in the Central District of

24  California, Riverside Division.

25      6.      Robert S. Whitmore ("Trustee") was appointed as the Chapter 7 trustee.

26      7.      Debtor obtained a divorce decree from her former spouse, Alexander H.

27  McKay IV on August 23, 2006.  As part of that divorce decree Debtor was awarded, as

28  her sole and separate property, the real property located at 221 Gardena E. Gardena

COMPLAINT FOR DETERMINATION THAT
PROPERTY IS PROPERTY OF THE
BANKRUPTCY ESTATE

1    Boulevard, Gardena California (the "Property"). The Assessor's Parcel Number for the

2    Property is 6125-016-018. The legal description of the Property is attached as Exhibit

3    "A" hereto. The award was subject to two notes secured by deeds of trust as well as a

4    lease which contained an option to purchase Property by the lessee (the "Lease").

5    8.    As of 2005 the Lease was entered into between Debtor and A.M. Cabinets

6    Inc. with a guarantee by Alexander H. McKay IV.

7    9.    At the time of the entry of the divorce decree the Property was held in the

8    name of the McKay 1995 Family Trust (the "Trust") .

9    10.    Trustee is informed and believes and based thereon alleges that the McKay

10    1995 Family Trust is a revocable trust under which Debtor and her former spouse

11    Alexander H. McKay IV were and are the trustees and settlors of the Trust. The Trustee

12    also alleges that the Trust was amended and restated in the year 2000.

13    11.    The Trust identifies Debtor as Deborah Anne McKay, aka Deborah A.

14    McKay ("Deborah"). It further identifies Alexander Henry McKay ("Alexander") as the

15    spouse of Deborah A. McKay. Both Deborah/Debtor and Alexander are the settlors and

16    trustees of the Trust. Trustee is informed and believes that Alexander is also known as

17    Alexander H. McKay IV.

18    12.    The Trust further identifies Alexander Henry McKay Jr. as the only

19    offspring of Deborah and Alexander. Trustee is informed and believes the Alexander

20    Henry McKay Jr. is also known as Alexander H. McKay V (hereinafter "Defendant").

21    13.    On or about December 3, 2013 Debtor and Alexander, acting as Trustees of

22    the Trust transferred the Property to Defendant (the "First Transfer"). A true and correct

23    copy of the recorded Grant Deed effecting this Transfer is attached hereto as Exhibit "B"

24    and incorporated herein by this reference (hereinafter "Grant Deed").

25    14.    The Grant Deed indicates that the Transfer is a ". . . Bonafide Gift and the

26    Grantor received Nothing in Return, R & T 11911."

27    15.    Thereafter and on or about  July 27, 2015, Defendant transferred the

28    Property (the "Second Transfer") to the Alexander McKay V Living Trust (hereinafter the

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

23336.00101\30641074.3    - 2 -    COMPLAINT FOR DETERMINATION THAT
PROPERTY IS PROPERTY OF THE
BANKRUPTCY ESTATE

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

"Trust Defendant"). A true and correct copy of Grant Deed effecting the Second Transfer is attached hereto as Exhibit "C".

16.    Trustee is informed and believes that the Second Defendant is also a revocable trust established by Defendant in which he is both settlor and trustee.

17.    The Second Transfer was also for "No Consideration".

18.    Both the First Transfer and the Second Transfer occurred within four years immediately preceding the Petition Date.

19.    The First and Second Transfers may be collectively referred to as the Transfers.

### III.

### FIRST CLAIM FOR RELIEF

### Determination that Property is Property of the

### Bankruptcy Estate 11 U.S.C. § 541

20.    The Trustee incorporates by reference paragraphs 1 through 19 of this Complaint as if set forth in full.

21.    The Trustee is informed and believes that the Defendant may dispute whether the above **Property** is property of the estate, and therefore, desires a judicial determination thereof.

### IV.

### SECOND CLAIM FOR RELIEF

### Avoidance of Voidable Transaction Pursuant to 11 U.S.C. § 544(b) and the

### California Uniform Avoidable Transactions Act of California Civil Code

### §§ 3439.04, 3439.07

22.    Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 19, inclusive, above as though fully set forth herein.

23.    There exists at least one creditor who holds an unsecured claim against Debtor allowable under 11 U.S.C. § 502 (or is not allowable under 11 U.S.C. § 502(e)). Some of these creditors had claims against Debtor at the time of the Transfers. Such

COMPLAINT FOR DETERMINATION THAT
PROPERTY IS PROPERTY OF THE
BANKRUPTCY ESTATE

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

1  status gives at least one creditor of Debtor the right to sue Defendant and Trust Defendant

2  based on the California Uniform Avoidable Transactions Act.

3      24.    Pursuant to 11 U.S.C. § 544(b), Plaintiff, standing in the shoes of such

4  creditors of the bankruptcy estate may avoid in their entirety the Transfers alleged above,

5  which are avoidable in whole or in part by any of the above mentioned creditors under the

6  California Uniform Avoidable Transactions Act.

7      25.    The Transfers occurred within the four (4) year period prior to the Petition

8  Date. Plaintiff is informed and believes and thereon alleges that the First Transfer to

9  Defendant was made by the Debtor with the actual intent to hinder, delay or defraud

10  Debtor's creditors as defined by California Civil Code ("CCC") § 3439.04(a) et. seq.

11  Therefore, Plaintiff may avoid the Transfer to Defendant and the first transferee and the

12  Trust Defendant as the immediate or mediate transferee of the first transferee pursuant to

13  CCC § 3439.07 and 11 U.S.C. § 544(b).

14      26.    Plaintiff is informed and believes and thereon alleges that both of the

15  Transfers to Defendant and the Trust Defendant were made without fair consideration as

16  defined by CCC § 3439.03 and that Debtor was insolvent on the date that of both of the

17  Transfers and were made or that she became insolvent as a result of the Transfers.

18  Therefore, Plaintiff may avoid both Transfers pursuant to CCC § 3439.07 and 11 U.S.C.

19  § 544(b) since Defendant was the first transferee and the Trust Defendant was the

20  immediate or mediate transferee of the first transferee.

21      **V.**

22      **THIRD CLAIM FOR RELIEF**

23      **To Avoid Avoidable Transaction Pursuant to 11 U.S.C. §544(b) and the**

24      **State Uniform Avoidable Transactions Act of California Civil Code**

25      **§§ 3439.05, 3439.07**

26      27.    The Trustee incorporates by reference paragraphs 1 through 19 and

27  paragraphs 22 to 26 of this Complaint as if set forth herein in full.

28      28.    There exists at least one creditor who holds an unsecured claim against the

COMPLAINT FOR DETERMINATION THAT
PROPERTY IS PROPERTY OF THE
BANKRUPTCY ESTATE

1   Debtor allowable under 11 U.S.C. § 502 (or is not allowable under 11 U.S.C. § 502(e).)

2   Each of these creditors had claims against the Debtor at the time of the Transfers.  Such

3   status gives at least one creditor of the Debtor the right to sue Defendant and the Trust

4   Defendant based on the California Uniform Avoidable Fraudulent Transfer Act.

5         29.    Pursuant to 11 U.S.C. § 544(b) the Trustee, standing in the shoes of such

6   creditors of the bankruptcy estate, may avoid, in their entirety, the Transfers alleged

7   above, which are avoidable in whole or in part by any of the above mentioned creditors

8   under the California Uniform Voidable  Transactions Act.

9         30.    The Trustee is informed and believes and thereon alleges that the First

10   Transfer to Defendant and the Second Transfer to the Trust Defendant were made without

11   fair consideration as defined by California Civil Code § 3439.03 and that the Debtor was

12   insolvent on the date the Transfers were made or that Debtor became insolvent as a result

13   of the Transfers.  Thus the Trustee may avoid the Transfers pursuant to California Civil

14   Code §§ 3439.05,  and 11 U.S.C. 544(b).  The Trustee is further informed and believes

15   and thereupon alleges that the Transfers were made without fair consideration as defined

16   in California Civil Code § 3439.03 and that the Debtor intended to incur or believed that

17   she would incur debts that would be beyond her ability to pay as they matured.  Thus the

18   Trustee may avoid the Transfers pursuant to California Civil Code § 3439.07 and 11

19   U.S.C. 544(b).

20   **VI.**

21   **<u>FOURTH CLAIM FOR RELIEF</u>**

22   **To Recover Avoided Transactions Against Defendants and Each of Them**

23   **for the Benefit of the Estate Under 11 U.S.C. §§ 550 and 551**

24         31.    Plaintiff incorporates herein by reference each and every allegation

25   contained in paragraph 1 through 29  above, inclusive, as though fully set forth herein.

26         32.    To the extent that the Transfers are avoidable under any or all of the causes

27   of action as set forth above, they can be recovered from Defendant and the Trust

28   Defendant  as the initial  or subsequent Transferee within the meaning of 11 U.S.C. §

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

- 5 -

1   550(a)(1).

2       33.     To the extent that the Transfers are avoidable under any or all of the causes

3   of action as set forth above, they can be recovered from Defendant and the Trust

4   Defendant as an immediate or mediate transferee within the meaning of 11 U.S.C.

5   §550(a)(2).

6       34.     The Trustee may preserve all avoided transfers for the benefit of the Estate

7   pursuant to 11 U.S.C. § 551.

8                              **VII.**

9                            **PRAYER**

10      WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

11                   **AS TO THE FIRST CAUSE OF ACTION**

12      1.      The court enter an order declaring that the **Property** is property of the bankruptcy

13   estate.

14      **AS TO THE SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION**

15      2.      A judgment avoiding the Transfers;

16      3.      An order compelling the Defendants and each of them, to turn over the **Property**

17   to the Trustee should be issued; and,

18      4.      An order preserving the avoided Transfers for the benefit of the Estate under 11

19   U.S.C. §§ 550 and 551.

20                   **AS TO ALL CAUSES OF ACTION**

21      5.      Awarding the Trustee his attorney's fees;

22      6.      Awarding the Trustee his costs of suit; and

23      7.      Such other relief as the Court deems just and proper.

24   Dated: March __8__, 2018                    BEST BEST & KRIEGER LLP

25

26                                              By: _____

27                                                 FRANKLIN C. ADAMS
                                                   Attorneys for Chapter 7 Trustee,
28                                                 Robert S. Whitmore

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

COMPLAINT FOR DETERMINATION THAT
PROPERTY IS PROPERTY OF THE
BANKRUPTCY ESTATE

# EXHIBIT "A"

## EXHIBIT "A"

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 1 of Parcel Map No. 18334, in the City of Carson, County of Los Angeles, State of California, as per Map recorded in Book 201, Pages 76 and 77 of Parcel Maps, in the Office of the County Recorder of said County.

Except therefrom all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved in instruments of record; among them being a deed recorded October 19, 1955 as Instrument No. 407 in Book 49267 Page 13 of Official Records.

APN: 6125-016-018

# EXHIBIT "B"



**This page is part of your document - DO NOT DISCARD**



# 20131701479



Pages:
0005

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/03/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 41.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 41.00 |



**L E A D S H E E T**

201312030140002

00008609851

005917689

**SEQ:
08**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

E534013    T18

**RECORDING REQUESTED BY:**

TICOR TITLE COMPANY

**AND WHEN RECORDED MAIL TO:**

ALEXANDER H. Mc KAY, V


12/03/2013
*20131701479*

Title Order No.:  **00201395-996-RV**
Escrow No.:      **012942-TC**

**Space above this line for Recorder's use**

**A.P.N.:  6125-016-018**

# GRANT DEED

**THE UNDERSIGNED GRANTOR(S) DECLARE(S):**
City Transfer Tax is  $            City of Gardena
County Transfer Tax is      $ - NONE -

**"THIS IS A BONAFIDE GIFT AND THE GRANTOR RECEIVED NOTHING IN RETURN, R & T 11911".**

( X ) Computed on the full consideration or value of property conveyed  OR
(    ) Computed on the full consideration or value less liens or encumbrances remaining at time of sale

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged,

**ALEXANDER H. McKAY and DEBORAH  A. McKAY, AS TRUSTEES OF
THE McKAY 1995 FAMILY TRUST**

hereby **GRANT(S) to**

**ALEXANDER  H.  McKAY, V, A SINGLE MAN**

the real property in the City of Redondo Beach, County of Los Angeles, State of California, described as:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

**Signature(s) and Acknowledgement(s) on next page**

**MAIL TAX  STATEMENTS AS DIRECTED ABOVE**

Page 1 of 3



PRELIMINARY REPORT                                                    Ticor Title Company of California
YOUR REFERENCE: 221 E. Gardena Bl                                    ORDER NO.: 00201395-996-RV

## EXHIBIT "A"

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 1 of Parcel Map No. 18334, in the City of Carson, County of Los Angeles, State of California, as per Map recorded in Book 201, Pages 76 and 77 of Parcel Maps, in the Office of the County Recorder of said County.

Except therefrom all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved in instruments of record; among them being a deed recorded October 19, 1955 as Instrument No. 407 in Book 49267 Page 13 of Official Records.

APN: **6125-016-018**

*3*

This is a signature page of a Grant Deed wherein    THE McKAY 1995 FAMILY TRUST    is/are conveying the property
described therein to    ALEXANDER  H. McKAY, V    as the exact vesting appears on Page No. 1

Dated: <u>OCTOBER 28, 2013</u>

BY: _____ _TRUSTEE_
          Alexander  H.  McKay, as Trustee of
          THE McKAY 1995 FAMILY TRUST

State of  California          }
                                      }SS.
County of Los Angeles      }

On _Nuvember 20, 2013_ before me, _Lani Marie Taitingfong_____ a Notary Public
in and for said State, personally appeared    **ALEXANDER  H.  McKAY,** who proved to me on the basis of
satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____

> LANI MARIE TAITINGFONG
> Commission # 1904966
> Notary Public - California
> Los Angeles County
> My Comm. Expires Sep 23, 2014

4

This is a signature page of a Grant Deed wherein   THE McKAY 1995 FAMILY TRUST   is/are conveying the property
described therein to   ALEXANDER  H. McKAY, V   as the exact vesting appears on Page No. 1

BY: _Deborah A. McKay as Trustee_

Deborah A. McKay, as Trustee of the
McKAY 1995 FAMILY TRUST

State of  California                                 }
                                                     }SS.
County of _Orange_____ }

On _November 21st 2013_ before me, _Matt Fiskland, Notary Public_ a Notary Public
in and for said State, personally appeared  **DEBORAH  A.  McKAY,**    who  proved to me on the basis of
satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _Matt F_____

MATT FISKLAND
COMM. # 2035629
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Aug. 2, 2017

# EXHIBIT "C"




**This page is part of your document - DO NOT DISCARD**



# 20150910440



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**07/27/15 AT 11:28AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |



**L E A D S H E E T**

201507273340050

00010917951

006985286

**SEQ:**
**01**

**DAR - Courier (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**



**RECORDING REQUESTED BY:**
ALBRECHT & BARNEY (ATC)
1 Park Plaza, Ste. 900
Irvine, California 92614



**WHEN RECORDED, MAIL TO:**
Mr. Alexander H. McKay V
P.O. Box 92
Sunset Beach, California 90742

(Space Above For Recorder's Use)

**APN: 6125-016-018**

## GRANT DEED

THE UNDERSIGNED GRANTOR declares:

Documentary Transfer Tax is $NONE. .
No consideration given. This conveyance transfers the grantor's interest into his revocable living trust. Conveyance is tax-exempt under California Revenue & Taxation Code Section 11930.

FOR NO CONSIDERATION, ALEXANDER H. McKAY V, a single man, hereby grants to ALEXANDER H. McKAY V, as Trustee of the ALEXANDER McKAY V LIVING TRUST, established _July 22, 2015_____, the real property in the County of Los Angeles, State of California, described as follows:

    SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND INCORPORATED HEREIN BY THIS REFERENCE   ·

    Commonly known as: 221 E. Gardena Boulevard, Gardena, California

Dated: _July 22, 2015_____

_Alexander McKay_____
Alexander H. McKay V   ·

MAIL TAX STATEMENTS TO:
Mr. Alexander H. McKay V, P.O. Box 92, Sunset Beach, California 90742

E:\EP\32091\ESTPLAN\GARDENA.DED

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )
                           )
COUNTY OF ORANGE           )

On *JULY 22, 2015*, before me, *MATTHEW ROSS HINES*, Notary Public, personally appeared ALEXANDER H. McKAY V, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
MATTHEW ROSS HINES
Commission # 2056767
Notary Public - California
Orange County
My Comm. Expires Feb 2, 2018
```

_____
Signature of Notary Public

(SEAL)

### CAPACITY(IES) CLAIMED BY SIGNER(S):

[X]  Individual(s)                    [ ]  Attorney-In-Fact
[ ]  Partner(s)                       [ ]  Subscribing Witness
[ ]  Trustee(s)                       [ ]  Guardian/Conservator
[ ]  Corporate _____       [ ]  Other:_____
     Officer(s) _____
                     Title(s)         _____
                                      _____

### SIGNER IS REPRESENTING:

Name of Person(s)
or Entity(ies):        **ALEXANDER H. McKAY V**

Name of Instrument:    **GRANT DEED**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>ROBERT S. WHITMORE, Chapter 7 Trustee | DEFENDANTS<br>ALEXANDER H. MCKAY V, individually, and<br>ALEXANDER H. MCKAY V AS TRUSTEE OF THE<br>ALEXANDER MCKAY V LIVING TRUST |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Best Best & Krieger LLP<br>3390 University Ave., 5th Floor, Riverside, CA 92501<br>(951) 686-1450 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1) Determine that Property is Property of the Bankruptcy Estate (11 U.S.C. § 541); 2) Avoidance of Voidable Transaction (11 U.S.C. § 544(b) and California Uniform Avoidable Transactions Act of California Civil Code §§ 3439.04, 3439.07; 3) Avoidance of Fraudulent Transfer (11 U.S.C. § 544(b) and State Uniform Avoidable Transactions Act of California Civil Code §§ 3439.05, 3439.07; and 4) To Recover Avoided Transactions (11 U.S.C. §§ 550 and 551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/property y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☒ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand $ |

Other Relief Sought
Avoid avoidable transaction under 11 U.S.C. 544 and California Uniform Avoidable Transactions Act

American LegalNet, Inc.
www.FormsWorkFlow.com

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Deborah McKay | BANKRUPTCY CASE NO.<br>6:17-bk-17601-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Scott C. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>5-8-18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Franklin C. Adams | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

